All right, we're ready again, Mr. Serrato. Your Honors, again, this is a similar case where I unfortunately missed an email that was sent to me, and because of that I was not able to file the brief in this case with the BIA. Counsel, did you inform Ms. Fuentes-Bautista of her rights to report you to the State Bar? I did. I did. And she chose not to? She chose not to. Okay. I offered. I'm sorry. And did you offer her the opportunity to put a declaration as to why she didn't want to report you to the State Bar? I mean, this is huge.  She's either staying in the country, or she's out. I don't know why she would be so benevolent. I explained to her that I made a mistake here, and I want to take care of it, make sure that I can do all the work without charge, because if you go somewhere else, you're going to have to pay money. So let me try and fix this for you, fix my mistake, because it was a mistake. It was just because I missed the email that was sent to me. So you're inducing her to continue to have you as her lawyer. I want to know, did you offer to file a complaint and withdraw, or to self-report in any way with respect to your... And I feel a little uncomfortable asking you these questions, because I don't want to get into any attorney-client communications that you might have had, but you understand what a precarious position you're in right now. I do, Your Honor. I do. And like I said, I'm here because I know I made a mistake. I'm here because... But you keep talking about you made a mistake with respect to not filing the brief. But what we're talking about, and what is relevant for purposes of determining whether Lozado's been satisfied, is whether we can see that there was ineffective assistance of counsel, one factor of which is based on a bar complaint. And typically, that doesn't happen when the lawyer continues to represent the client. Right. And I did offer her, you can file a complaint, you can find other counsel. Why didn't you self-report? I don't think you answered that last time. No, I didn't self-report, because I understand the case law. I thought that if the mistake is plain, like in this case, then Lozado's is not necessary. Reporting under Lozado's is not necessary. So this was my interpretation of the law, that if there's ineffective assistance, but it's also obvious on the record, which it is in this case, then I just assumed, my understanding of Lozado was that I could file this motion. Were you colluding with your client in any way to sort of enhance the delay in this case? Was this a strategy to continue to represent her, to not self-report, and to be able to gain additional advantage through delay? No, Your Honor, not at all. Again, I acknowledge my mistake. Are you seeing why someone could think that? Absolutely, I can see that. I can see that for sure. Have you ever failed to file a brief before? No, this is the first time. When they changed the process of getting the documents, it was email instead of sending a paper file. So the emails got lost. I fix that now. I fix it. But that was my mistake, because the emails weren't going directly to me. Sometimes they'd go to junk, sometimes, because we get a lot of emails every day from ... It took you a while to file the brief after you learned that you had not timely filed a brief, correct? No, Your Honor. I filed immediately after I found out the case had been dismissed, because we had not filed a brief. Was it not like several weeks?  No, it was within a week or two. Am I confusing the facts with the prior case, where it was longer? No, Your Honor. In both cases, I notified the client right away, and I filed a motion to reopen right away. Yeah, no, no. I'm asking how long it took you to file the brief. The brief before, Your Honor? Or the BIA? Before the BIA. No, I did it immediately upon finding out about my mistake. So it was within a week, probably, or less. Well, I think ... Didn't you file a motion to reinstate the appeal? Was that ... Are you saying you filed a brief at the same time? I did, Your Honor. I filed a brief and a motion to reinstate the appeal. So I understood you to say, in the other case, the previous case, that we were talking about Bermuda-Sayala 24-1033. These are the only two cases in our court where you haven't filed a brief? There aren't other ones pending like this? No. Yes, Your Honor. That's correct. Only the issue cases. So what's her strongest argument that she's entitled to immigration relief? I still go back to the prejudice prong, and in my reading of the law, I think that you have a responsibility to show that there would be prejudice if you want relief, and I'm not seeing what your client's path is for immigration relief. Yes, Your Honor. In this case, this particular case, she was the victim of extortion, and she requested help from the police, but the police did not assist her at all. In this case, isn't it true that the government concedes that the BIA did not reach the prejudice issues with respect to the merits of your client's claims for relief? Yes, Your Honor. That's correct. So whose burden is it then? Is it your client's burden on appeal to show us what the plausible grounds for relief are? It is, Your Honor. It is my burden. Okay. And then, do we then make that decision here at the Ninth Circuit, or do we kick it back after we find, let's say we agree with you, you didn't need to meet all three of the Lazada factors, so there is an ineffective assistance of counsel claim that you've made. Do we then just send it back to the BIA for them to make the prejudice determination, or do we make it? No, I would recommend that it be sent down to the BIA, Your Honor, so that they can evaluate that under that first instance. Well, but when you talk about futility, I still haven't heard anything. What do we, you know, you sending something back, then how much more time does that buy your client if there's no basis for relief? Understood, Your Honor, understood, but I think in this case, it's because she lost that opportunity because of my mistake that I think she should have. But what, if the merits of her case, what is the opportunity she lost? What, you know, sometimes people come in here and they tell, they say, well, they actually had this path for relief, and there's a nexus to the IAC. Here, then everyone would not file a brief and say, give my client another chance, even though there's no chance out there. Understood, Your Honor, I understand that as well. What arguments would you be able to make to the BIA that you didn't make to us? I would essentially make the same arguments, Your Honor. Okay, so if we don't find prejudice, likely that the BIA would not find prejudice? Yes, Your Honor, likely. Okay. Then I have another question, since you started talking about Lozada and the other matter about it kind of not being good law anymore. So is it your position that a failure to file an opening brief always constitutes ineffective assistance of counsel, regardless of whether the other Lozada factors are met? Not necessarily. I mean, I probably would say that not filing a brief, that there's really no claim, probably not an effective assistance, right? If there's nothing that you can argue, I think you would have to, you should be candid with the court and then not, you know, obviously if there's no appealable issue, then advise your client that there's no appealable issue. So lack of a brief plus prejudice is what would be sufficient for an effective assistance of counsel to then take it back to the BIA? Yes, Your Honor, that's correct. Do you want to save the balance of your time for a rebuttal? Yes, Your Honor, please. Okay. Thank you. Thank you, Your Honor. All right, we'll hear from the government. Good afternoon. May it please the Court, Your Honor. It's Joanna Watson on behalf of the government. These cases really show the importance of the requirements of Lozada in ineffective assistance claims and how, there was no formal ineffective assistance claim that was presented to the board. You know, it was a motion to reinstate and getting to that, when a board dismisses the appeal, there's basically three options. You can file a petition review with the Court of Appeals. You could file a motion to reconsider or a motion to reopen. So there's no motion to reinstate in the first place. Well, and then they construed it as a motion to reconsider and a motion to reopen, right? Correct. They gave the benefit of the doubt. They considered it reconsideration and reopening, but all of this could have been avoided here. You know, we talk about strict compliance isn't always necessary. Sometimes this court, you know, has held that, but had he provided an affidavit from his counsel, showing the agreement. From his client, you mean? I mean, yes. Okay. It's supposed to start with C. Yes, I apologize. So had he provided the affidavit from his client, laying out the agreement, you know, and putting in there maybe, yes, he discussed that he... So apropos of I think what you're saying right now, and I think you walked through the different ways that these things come to the BIA or the BIA can consider them. I want to look at the actual decision from the BIA in the record, and I think it tracks what you're saying. What was filed was essentially a motion to reinstate, and the BIA at the top of what is page four in the record, page two of the decision, it says, we discern no error, fact, a fact or law in our prior decision that would warrant reconsideration as the respondent did not file a brief by the briefing deadline of August 30th, 2023. And it cites the cases that support this decision, and then concludes upon consideration of the entirety of the record before us, we are not persuaded that reconsideration of our prior decision is warranted. So that is what you're talking about as the BIA considering the reconsideration, the request to reinstate, correct?  Because they can deny... He hasn't shown a factual or legal error because they could have summarily dismissed it if they... Well, in this case, the notice of appeal. There's a spot.  So I'm with you, okay? So what I want to turn to is the next statement by the BIA that says, to the extent the respondent's motion could be construed as a motion to reopen, we conclude the reopening, and the reopening would occur if you meet the Lozado factors, correct? To the extent that the motion could be construed as a motion to reopen, and of course the BIA has to construe one because that wasn't expressly requested, we conclude that reopening is not warranted because the respondent has not formally raised in an effective assistance of counsel claim or complied with any of the Lozado requirements, right?  And at that point, because it doesn't even get past Lozado, it doesn't address or make any findings with respect to prejudice. Correct. And you concede that in your brief. They have not. Yes, correct. They haven't because Baghamas and Ninth Circuit, I can't think of the case right now that shows... So, Jennifer Daube asked a question to your friend on the other side just a moment ago, which is, so the government concedes that the BIA didn't make findings with respect to prejudice, I think the record is abundantly clear that that's the case here. What do we do if we were to find in the first instance that the Lozado factors, there's substantial compliance with Lozado because ineffective assistance is obvious from the record, and I'm not saying to you we are finding that, but hypothetically speaking, if we were to conclude that Lozado is satisfied and the government concedes that prejudice was not reached by the BIA, what do we do? You would send it back for prejudice, but then, I mean, it came up in the last argument, futility, and you look at the... And what's your best case for that? Because I can't find a case that says we can do that. We are not fact finders. We can't determine this in the first instance, and in fact, I think part of why you're making the argument you're making is because we might all know what's going to happen, but we can't assume that. We are not fact finders. We need to send it back for the BIA to make those findings, right? I mean, essentially, I mean, the board should address prejudice in the first instance, but that goes back... But I guess, does the record reflect that the BIA considered whether there was any plausible ground for relief for the underlying application for immigration relief? Well, in the summary dismissal, they did say they looked at it and they didn't see any glaring issues with the immigration judge's findings. They made that, but that goes to... Well, okay, if you don't use the magic words of prejudice, but you say, I don't see any path for your relief, are you finding no prejudice? I guess the board... I don't want to argue against your case or make your case for you, but it seems like they're looking at everything and that inherent to that is they didn't find any plausible ground for relief. That's correct. And that's... Then how do we show prejudice if there's no plausible ground for relief? Well, there is no prejudice, but you're looking at that... If they didn't say the specific words, but now I'm hearing you to back up and saying, well, if you get to that point, you have to send it back. So you're putting all your eggs in one basket and saying Lozada wasn't complied with, end of story. But let's just say that if the court moves or says, even assuming that it wasn't, can... Is there... I mean, you're... What does the record show in terms of prejudice? I mean, it just shows that the board looked at it when they summarily dismissed it in that decision. But I think you're in a tough spot because your brief is very clear here that the merits weren't reached and that... Because they weren't. Right. They weren't. And I want to just get back to, just real quickly, I'm not trying to skirt around to a question or anything, but the importance of this, I mean, if there was an affidavit from the petitioners, they could have said that we understand he messed up and we still want him to represent and that's why we're not requiring... We don't want him to have to go to the bar and file a complaint. Because it says to file a complaint under Lozada or to explain why you did not. And in this case, because this does come down to just Lozada in this case, and if you really look at it, it's not fully plain on its face. We don't have that whole agreement that he has with petitioners. And if he did, we could have avoided all of this. I agree with you there. So I mean, it does come down to Lozada and you can... It's the prejudice... In fact, their failure to meet their burden to show prejudice. Right. Right. And if this was done as a formal and effective motion to reopen, this would have all been here. You know, the prejudice analysis he would have made in it. You know, I mean, we're still... I still haven't heard anything here. No, there... I mean, there is no prejudice here and the board did in that underlying, when it's merely dismissed the decision, you know, they said, we don't see anything glaring that the immigration judge here did here. But you run into like a bit of a slippery slope when you have... This is an appeal, the summary dismissal. This is the motion to reopen. And you know, the discussion of prejudice in the context of the motion to reopen, the decision we're looking at at the board now. But we can look... But don't you generally, in a motion to reopen, have to say that there's some avenue that would give you success? I mean, we don't, you know, when... I mean, in cases that... Let's put aside what he did. But when you ask to reopen something in front of the board, isn't there some sort of component that you don't reopen things for nothing. And so you tell the board, I could do this or make a proffer of some sort. Well, then it comes down to, again, we have the Lozada, but then Lozada also says the showing of prejudice. And this little two-page reinstate my case, I messed up and missed the briefing deadline. He didn't do any of that. And it's a heavy burden. So how do you lift... How do you... And from just you, how do you put the prejudice component into the Lozada analysis? I mean, you're saying... Not the government's burden. For one, it was his burden, and that's why we're here. And he didn't meet his burden by raising this in a more formal manner. He could have shown to the board that the requirements are explained why he didn't meet all the requirements, the self-report. He could have done the affidavit, like I said. And then part of an ineffective assistance claim before the board, even, is a showing of prejudice. And he made no discussion of that whatsoever. There are some cases out there that say, if you don't file a brief, that's plain on its face. Does that mean that there's still no showing of prejudice? Do those cases stand for that? Or what do they stand for? He didn't... Well, I guess that there's cases out there that say that if you don't file a brief, that's plain ISEA. I mean, the plain prejudice usually comes in when you were prevented from doing something. Like the board wouldn't allow you to file a brief. You have a lot of facial movements there. I'm sorry.   Yeah. I apologize. So there was no showing of prejudice here.  So I'll put to your other government, not necessarily your co-counsel, but on the previous case. So tell me how to write this. We would ask... How to write this that complies with the law. We would ask that the court would find no abuse of discretion in the board's denial of the motion to reopen because he hasn't met... He hasn't substantially complied with the requirements for an ineffective assistance of counsel. And it was his burden to show compliance and prejudice, and he made no effort on any of that. And the case fails. And that petition should be done. Okay. Do either of you have any additional questions? All right. Thank you. We've taken you over, so I'll give you an extra minute. I'll give you three minutes on rebuttal if you need it. As your Honor has mentioned, in this circuit, Castillo-Perez versus INS, so the strict compliance with Lazada is not necessary when the ineffective assistance was either plain or from the record. So in that case... So does that, just the fact that you didn't file the brief, does that write out your requirement to show some sort of prejudice? It does. It does. So it's just, you just don't file the brief, and then automatically you get relief from Lazada? No. Your Honor, you're correct. I think you have to show prejudice as well, that if you would have appealed, you would have... Well, those two statements are absolutely inconsistent. No, I know, Your Honor. That's... Okay. Yeah. But I understand. I understand. You still have to show some sort of prejudice in that, you know, you were not able to appeal your case if you have a viable claim. So did the government correctly state the record that you didn't put any affidavit from your client about all of this? That's correct. I did not. I submitted my affidavit under penalty of perjury to the BIA, explaining my error and also explaining what I was going to try and do to help my client because of my mistake. Okay. Do you think the BIA considered the prejudice or no? Not in this case, Your Honor. I don't think they considered the prejudice in this case, Your Honor. Previous case, I think they did, but in this case, I don't think they did. They just looked at the Lazada report. Well, but they looked at everything there, and if they had thought you had, you know, judges don't really, you know, and this includes immigration judges, they don't liken justice. And if they think someone really didn't put something, if they didn't put something forth, but I'm hearing you say the case is the same. Either it's not going to be a different case going back. It's just the case is the same. And they looked at everything in the case, and they basically didn't, they considered everything and they didn't state that there was any plausible ground for relief. They didn't use the word prejudice, but. Again, counsel, I'm fairly certain that you answered this question before, and your friend on the other side also conceded that the government itself has indicated in its written brief that the BIA did not address prejudice with respect to the claims that your client has set forth. Is that correct? That's correct, Your Honor. I would agree with that statement as well. The BIA did not address prejudice in this case, in this particular case. The BIA did say though that it reviewed the entire record, and that's a quote entire record, but it was not persuaded that reconsideration was warranted. So when they say they, and I know you can't speak for them, but I'm trying to interpret what they meant by entire record. It's your position that prejudice does not, is not included there, that they didn't consider prejudice? I would say so, Your Honor, because in this case they don't specify what the value is as far as the asylum claim and related claims. Okay. All right. Your time is up.  Thank you both for your arguments, and this matter will stand submitted, and this court is in recess until tomorrow at 9 a.m. Thank you, Your Honor. Thank you. All rise. The court for this session stands adjourned.
judges: CALLAHAN, DESAI, ALBA